UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dorez Whittsette, | : | Case No. 1:08CV0245 |
| Petitioner | : | Judge Solomon Oliver, Jr. |
| v. | : | Magistrate Judge David S. Perelman |
| Richard Gansheimer, Warden, | : | **REPORT AND RECOMMENDED DECISION** |
| Respondent | : | |

In this pro se action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his September 17, 2004 conviction pursuant to a jury trial of one count of felonious assault, with two firearm specifications, and one count of having a weapon while under a disability,[1] upon which he was sentenced to concurrent terms of seven years incarceration on the felonious assault conviction, four years on the weapons charge with a mandatory three years imprisonment on the gun specification, for an aggregate sentence of ten years.[2]

---

[1] Petitioner was acquitted on one count of receiving stolen property.

[2] Petitioner was also sentenced upon a pending probation violation to four consecutive years incarceration for failure to comply with an order or signal of a peace officer.

1

On November 3, 2004 the petitioner appealed his convictions[3] to the Ohio Eighth District Court of Appeals, alleging the following six assignments of error:

> I. The trial court's imposition of consecutive sentences was not supported by the record and is contrary to law.
>
> II. The evidence presented was insufficient to sustain a conviction.
>
> III. The trial court erred by denying appellant's Rule 29 motion.
>
> IV. Appellant's convictions are against the manifest weight of the evidence.
>
> V. The appellant was denied effective assistance of counsel.
>
> VI. The prosecution committed misconduct thereby denying appellant's right to a fair trial and due process of law.

On September 15, 2005 the state appellate court affirmed the judgment of conviction and sentence.

Over a year later, on December 26, 2006, petitioner filed with the Ohio Eighth District Court of Appeals a pro se application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of appellate counsel by reason of counsel's omissions on appeal:

> 1. Appellant's counsel rendered ineffective assistance of counsel when he omitted from appellant's brief the trial court's disproportional sentences in violation of the 14th Amendment equal protection clause and R.C. 2929.11(B).
>
> 2. Appellate counsel's failure to challenge erroneous sentences deprived appellant due process rights.

---

[3]Prior to filing his direct appeal, on October 12, 2004 petitioner filed with the trial court a motion for new trial in which he asserted that he had found three new defense witnesses, but that motion was not ruled on until November 20, 2006, at which point it was denied. On December 14, 2006 petitioner appealed to the Ohio Eighth District Court of Appeals the denial of his motion to dismiss, but that appeal was dismissed sua sponte on January 16, 2007. There was no further appeal taken of this particular ruling.

2

> 3. Appellant was denied effective assistance of appellate counsel by the omission and failure to raise on appeal the trial court's improper admission into evidence and preservation to the jury appellant's prior conviction, denied him a fair trial.
>
> 4. Appellant was denied due process of law when appellate counsel failed in raising on appeal cumulative effect of ineffective assistance of trial counsel based on: 1. Failure to conduct adequate pre trial investigation in preparation for trial; 2. Failure to consult with appellant to discuss trial strategies and defense theory and 3. Failure to challenge the trial court jury instruction on prior conviction and the admission of such evidence in the trial in violation of Sixth and Fourteenth Amendments.

On May 23, 2007 the appellate court deemed petitioner's application to have been untimely filed and denied it. Petitioner's subsequently filed motion to certify conflict and motion for reconsideration were denied by the appellate court on June 19, 2007.

Petitioner did not appeal to the state supreme court the lower appellate court's denial of his Rule 26(B) application to reopen his direct appeal.

Instead, on September 13, 2007 petitioner filed a motion for delayed appeal in the state supreme court from the September 15, 2005 appellate court affirmance of the judgment of conviction, arguing that he had been denied the effective assistance of appellate counsel in light of counsel's failure to appeal six propositions of law to the state supreme court. On October 31, 2007 the supreme court denied leave to file a delayed appeal.

On January 30, 2008 the petitioner filed the instant petition, in which he raises the following ten claims for relief:

> **A.  GROUND ONE**: The trial court's imposition of consecutive sentences was not supported by the record and is contrary to law.
>
> **Supporting FACTS:** The trial court made no

      findings on the record that the sentence imposed was necessary to protect the public from future crime or to adequately punish the petitioner as required by R.C. 2929.11; (2) The trial court failed to address the seriousness of the Petitioner's conduct or give any reasons for selecting the sentence imposed pursuant to R.C. 2929.19; (3) The trial court did not make any of the three determinations required pursuant to R.C. 2929.14(E)(4).

**B.**    **GROUND TWO:** The evidence presented was insufficient to sustain a conviction.

      **Supporting FACTS:** There was no sufficient evidence to support the conclusion that petitioner caused any physical harm to the victim in this case; i.e., the alleged victim did not require medical treatment for any of the injuries he sustained.

**C.**    **GROUND THREE:** The trial court erred by denying petitioner's Crim.R. 29 Motion.

      **Supporting FACTS:** The trial court failed to render a judgment of acquittal where there was insufficient evidence to sustain a conviction.

**D.**    **GROUND FOUR:** Petitioner's convictions are against the manifest weight of the evidence.

      **Supporting FACTS:** Petitioner's convictions are against the manifest weight of the evidence. Petitioner's conviction of felonious assault requires a showing that petitioner acted knowingly. The State failed to presented evidence at trial that petitioner acted knowingly in this matter.

**E.**    **GROUND FIVE:** The appellant was denied effective assistance of counsel.

      **Supporting FACTS:** Defense counsel failed to request discovery until August 31, 2004, with trial set for September 15, 2004, preventing the defense from obtaining State's witness names and other relevant information such as criminal record and

  statements made.  In addition, the defense was prevented from reviewing the test fire report before trial.  Defense counsel failed to file a motion to compel discovery prior to trial.  Defense counsel failed to show the witness journal entry of conviction during cross-examination as required by Evid.R. 609(F).  Defense counsel made false representations to the trial court.

**F.**  **GROUND SIX:** The prosecution committed misconduct thereby denying appellant's right to a fair trial and due process of law.

  **Supporting FACTS:** The State committed prosecutorial violations of the discovery rule in that they failed to provide and/or disclose discovery, with the foreknowledge of information that would have benefitted petitioner in the preparation of his defense resulting in prejudice to his case.

**G.**  **GROUND SEVEN:** Appellate counsel rendered ineffective assistance in failing to argue the trial court's disproportionate sentence.

  **Supporting FACTS:** Petitioner was denied effective assistance of appellate counsel where counsel failed to raise and argue the trial court's disproportionate sentence in violation of his Sixth and Fourteenth Amendment rights to the United States Constitution and Article I, Section 10 of the Ohio Constitution and R.C. 2929.11(B).

**I.**  **GROUND EIGHT:** Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise in the Supreme Court of Ohio the claim of prosecutorial misconduct in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

  **Supporting FACTS:** Petitioner claims that the prosecutor committed a substantial error when asserting false facts that were never admitted into evidence, which may have had impact on a jury's deliberation and misled the jury in a prejudicial way.

>>Petitioner claims that because the State allowed the victim to give hearsay testimony, that the State committed plain error, and the sole purpose was to enhance the victim's credibility in the eyes of the jury.

> **J.** **GROUND NINE:** Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise the trial court's error and abuse of discretion where the trial court violated appellant's constitutional and statutory right by failing to notify appellant during sentencing hearing of the specific prison sentence that may be imposed for violation of community control.
>
>>**Supporting FACTS:** R.C. 2929.15 specifies that the prison term, if any, imposed upon a violator pursuant to this division shall be notified at the sentencing hearing of the specific sentence that will be imposed for any violation pursuant to section R.C. 2929.19(B)(3).
>
> **K.** **GROUND TEN:** Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise a challenge of the admission of such evidence in violation of his Sixth and Fourteenth Amendment rights to the United States Constitution.
>
>>**Supporting FACTS:** Petitioner challenges the trial court's improper jury instruction on prior conviction, where the court urged jurors to consider petitioner's previous conviction, when petitioner did not take the witness stand. Petitioner claims that the state violated a fundamental rule of evidence that a defendant's "bad character," cannot be used to argue that the defendant committed the crime for which he is being tried, or had the propensity to commit that crime.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed

after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).[4]

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state

---

[4]There are no issues of untimeliness in this case.

7

prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable. Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

The respondent argues that the instant petition should be dismissed as all of the claims raised have been procedurally defaulted in the state courts.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's

courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Under a longstanding Ohio procedural rule, a claim

which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978). However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004).

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error. Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002); Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). Accord, Lancaster v. Adams, supra at 436.

In the present case the respondent argues that petitioner has committed a number of procedural defaults which warrant dismissal of the claims raised herein.

Although petitioner raised his first six claims for relief on direct appeal to the Ohio Eighth District Court of Appeals, he failed to file a timely appeal of those assignments of error to the state

supreme court. Although in his motion for delayed appeal to the state supreme court petitioner did include those issues, as well as those articulated in his last four claims for relief in these proceedings, the state supreme court refused to hear those claims when it denied petitioner's motion for leave to file a delayed appeal in that court. There being no available means of further presenting this issue to the state courts, it has been exhausted but there is a question as to whether it has also been procedurally defaulted in light of the refusal of the state supreme court to grant petitioner's motion for leave to file delayed appeal.

Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court provides for the filing of a motion for delayed appeal along with notice of appeal, where a criminal defendant has failed to file a timely appeal to that court from a decision of the lower appellate court. That motion is only to include the reasons for delay, with the actual appeal issues only being presented upon the supreme court's granting such motion. A denial of a motion for delayed appeal is premised solely upon the reasons for delay and, therefore, is a decision based upon procedural default and not upon merits review. Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004). The Maupin factors have been satisfied as the rule requiring timely filing is a state procedural rule with which the petitioner failed to comply, the supreme court enforced the rule, and failure to comply with that rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. As such, petitioner has procedurally defaulted these ten claims for relief. Bonilla v. Hurley, supra at 497. Accord, Barkely v. Konteh, 240 F.Supp.2d 708 (N.D.Ohio 2002).

These issues having been procedurally defaulted in the state supreme court, this Court must look to whether petitioner has satisfied his burden to demonstrate cause for the procedural default and actual prejudice deriving therefrom.

There is no such showing of cause and prejudice for his procedural default of the first six claims for relief. However, petitioner argues that as regards the seventh through tenth claims for relief, ineffective assistance of appellate counsel was the cause of the failure to raise certain claims in a timely appeal to the Ohio Supreme Court.

Error or imprudent tactical decision by an otherwise competent counsel does not constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478 (1986). Only where counsel is constitutionally ineffective can his/her error be deemed "cause." Id. at 488-89. See, also, Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999). "[The petitioner's] ineffective assistance of appellate counsel claims can serve as cause for the procedural default of his other claims only if [the petitioner] can demonstrate that his appellate counsel was constitutionally ineffective." Buell v. Mitchell, 274 F.3d 337, 351-52 (6th Cir. 2001).

Before a claim of ineffective assistance of counsel can be cited as cause for a procedural default, however, it must "be presented to the state courts as an independent claim." Id. at 489.

> The question whether there is cause for a procedural default does not pose any occasion for applying the exhaustion doctrine when the federal habeas court can adjudicate the question of cause--a question of federal law--without deciding an independent and unexhausted constitutional claim on the merits. But if a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be illserved by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," . . . and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Id. (Citation omitted). Accord, Edwards v. Carpenter, 529 U.S. 446 (2000).

The underlying flaw with petitioner's argument is that petitioner did not have the right to counsel in his discretionary appeal to the state supreme court. Halbert v. Michigan, 545 U.S. 605 628 (2005), citing Wainwright v. Torna, 455 U.S. 586 (1982) and Ross v. Moffitt, 417 U.S. 600 (1974). Absent such right, any ineffective assistance on appeal to the state supreme court could not constitute cause for the aforementioned procedural default.[5]

Respondent also argues that although petitioner also presented his seventh through tenth claims for relief in his Rule 26(B) application to reopen his direct appeal, there were two additional procedural defaults in that filing.

Petitioner's application was denied by the appellate court as having been untimely filed, which constituted a failure to comply with a state procedural rule. That failure has been deemed to be an adequate basis for a decision which is regularly followed by state courts. Monzo v. Edwards, 281 F.3d 568, 577, 578 (6th Cir. 2002).

Petitioner also failed to appeal to the state supreme court the denial of his Rule 26(B) application, which constitutes another default.

As cause for his failure to file the Rule 26(B) application in a timely manner, petitioner argued to the state court that his knowledge was limited and that he lacked resources, neither of which is sufficient to demonstrate cause for the procedural default. Bonilla v. Hurley, supra at 498.

In light of the procedural default of all ten claims for relief presented in the petition, and petitioner having failed to satisfy his burden of demonstrating cause for the procedural default and actual prejudice deriving therefrom, these claims for relief are barred from consideration in habeas corpus, and, therefore, this court hereby recommends that they be dismissed.

---

[5]There is no showing of actual innocence as regards the procedural default claim.

s/DAVID S. PERELMAN<br>United States Magistrate Judge

DATE: September 17, 2008

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).