UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOREZ WHITTSETTE, | ) | Case No.: 1:08 CV 245 |
| Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| RICHARD GANSHEIMER, WARDEN, | ) | |
| Respondent | ) | ORDER |

Now pending before the court is Petitioner Dorez Whittsette's ("Petitioner" or "Whitsette") Petition for a Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his September 17, 2004, conviction, pursuant to a jury trial, for one count of felonious assault with two firearm specifications and one count of having a weapon while under a disability. Petitioner was sentenced to concurrent terms of seven years incarceration on the felonious assault conviction and four years on the weapons charge, with a mandatory consecutive three years imprisonment on the gun specification, for an aggregate sentence of ten years. For the following reasons, the court dismisses Whittsette's Petition.

**I. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case was referred to Magistrate Judge David S. Perelman ("Magistrate Judge") for the preparation of a Report and Recommendation ("R&R"). As set forth in the Magistrate Judge's R&R, Whittsette raises ten grounds for habeas relief in his Petition:

A. **GROUND ONE**: The trial court's imposition of consecutive sentences was not supported by the record and is contrary to law.

Supporting FACTS: The trial court made no findings on the record that the sentence imposed was necessary to protect the public from future crime or to adequately punish the petitioner as required by R.C. 2929.11; (2) The trial court failed to address the seriousness of the Petitioner's conduct or give any reasons for selecting the sentence imposed pursuant to R.C. 2929.19; (3) The trial court did not make any of the three determinations required pursuant to R.C. 2929.14(E)(4).

B. **GROUND TWO**: The evidence presented was insufficient to sustain a conviction.

Supporting FACTS: There was no sufficient evidence to support the conclusion that petitioner caused any physical harm to the victim in this case; i.e., the alleged victim did not require medical treatment for any of the injuries he sustained.

C. **GROUND THREE**: The trial court erred by denying petitioner's Crim.R. 29 Motion.

Supporting FACTS: The trial court failed to render a judgment of acquittal where there was insufficient evidence to sustain a conviction.

D. **GROUND FOUR**: Petitioner's convictions are against the manifest weight of the evidence.

Supporting FACTS: Petitioner's convictions are against the manifest weight of the evidence. Petitioner's conviction of felonious assault requires a showing that petitioner acted knowingly. The State failed to present evidence at trial that petitioner acted knowingly in this matter.

E. **GROUND FIVE**: The appellant was denied effective assistance of counsel.

Supporting FACTS: Defense counsel failed to request discovery until August 31, 2004, with trial set for September 15, 2004, preventing the defense from obtaining State's witness names and other relevant information such as criminal record and statements made. In addition, the defense was prevented from reviewing the test fire report before trial. Defense counsel failed to file a motion to compel discovery prior to trial. Defense counsel failed to show the witness journal entry of conviction during cross-examination as required by Evid.R. 609(F). Defense counsel made false representations to the trial court.

F. **GROUND SIX**: The prosecution committed misconduct, thereby denying appellant's right to a fair trial and due process of law.

Supporting FACTS: The State committed prosecutorial violations of the discovery rule in that they failed to provide and/or disclose discovery, with the foreknowledge of information that would have benefitted petitioner in the preparation of his defense resulting in prejudice to his case.

G. **GROUND SEVEN**: Appellate counsel rendered ineffective assistance in failing to argue the trial court's disproportionate sentence.

Supporting FACTS: Petitioner was denied effective assistance of appellate counsel where counsel failed to raise and argue the trial court's disproportionate sentence in violation of his Sixth and Fourteenth Amendment rights to the United States Constitution and Article I, Section 10 of the Ohio Constitution and R.C. 2929.11(B).

H. **GROUND EIGHT**: Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise in the Supreme Court of Ohio the claim of prosecutorial misconduct in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Supporting FACTS: Petitioner claims that the prosecutor committed a substantial error when asserting false facts that were never admitted into evidence, which may have had impact on a jury's deliberation and misled the jury in a prejudicial way. Petitioner claims that because the State allowed the victim to give hearsay testimony, that the State committed plain error, and the sole purpose was to enhance the victim's credibility in the eyes of the jury.

I. **GROUND NINE**: Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise the trial court's error and abuse of discretion where the trial court violated appellant's constitutional and statutory right by failing to notify appellant during sentencing hearing of the specific prison sentence that may be imposed for violation of community control.

Supporting FACTS: R.C. 2929.15 specifies that the prison term, if any, imposed upon a violator pursuant to this division shall be notified at the sentencing hearing of the specific sentence that will be imposed for any violation pursuant to section R.C. 2929.19(B)(3).

K. **GROUND TEN**: Appellant was denied effective assistance of counsel by appellate counsel's failure to appeal and raise a challenge of the admission of such evidence in violation of his Sixth and Fourteenth Amendment rights to the United States Constitution.

Supporting FACTS: Petitioner challenges the trial court's improper jury instruction on prior conviction, where the court urged jurors to consider petitioner's previous

>conviction, when petitioner did not take the witness stand. Petitioner claims that the state violated a fundamental rule of evidence that a defendant's "bad character," cannot be used to argue that the defendant committed the crime for which he is being tried, or had the propensity to commit that crime.

(R&R at 3-6.)

The Magistrate Judge recommended that Whittsette's Petition be dismissed because his claims are procedurally defaulted. Specifically, the Magistrate Judge pointed out that:

>[A]lthough petitioner raised his first six claims for relief on direct appeal to the Ohio Eighth District Court of Appeals, he failed to file a timely appeal of those assignments of error to the state supreme court. Although in his motion for delayed appeal to the state supreme court petitioner did include those issues, as well as those articulated in his last four claims for relief in his proceedings, the state supreme court refused to hear those claims when it denied petitioner's motion for leave to file a delayed appeal in that court [pursuant to Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court.]

(*Id.* at 10-11.) The Magistrate Judge then concluded that the four factors in *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986), were satisfied in the instant case because: (1) Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court is a procedural rule with which the petitioner failed to comply; (2) the Ohio Supreme Court enforced the rule; (3) failure to comply with that rule constitutes an adequate and independent ground for barring review of Petitioner's federal constitutional claims; and (4) Petitioner failed to show any cause and prejudice for his procedural default regarding his first six grounds for relief, and the cause for his last four grounds, ineffective assistance of appellate counsel, is not well-taken, in part because Petitioner did not have the right to counsel in his discretionary appeal to the state supreme court. (R&R at 9-13.) Additionally, the Magistrate Judge noted that "there is no showing of actual innocence as regards the procedural default claim." (R&R at 13, n.5.)

## II. PETITIONER'S OBJECTIONS TO THE R&R

- 4 -

Petitioner relies upon *Clinkscale v. Carter,* 375 F.3d 430, 436 (6th Cir. 2004), to argue that his claims are not procedurally defaulted. However, *Clinkscale* is distinguishable from the instant case because the Sixth Circuit in that case noted that " [when the] Ohio Court of Appeals declined to reach the merits of [the petitioner's] ineffective assistance claim on direct appeal, it did so because of its preference that the claim be raised in a post-conviction motion, not because of [the petitioner's] failure to comply with a procedural rule." *Id.* at 441. Therefore, the *Clinkscale* petitioner did not satisfy the first three *Maupin* factors. Conversely, the Ohio Supreme Court in the instant case ruled that Rule II, Section 2(A)(4) of the Rules of Practice of the Ohio Supreme Court is a procedural rule with which the petitioner failed to comply, and the first three *Maupin* factors are therefore satisfied. Additionally, as set forth in the R&R, the court finds that Petitioner fails to show cause and prejudice for his procedural default. Based on its finding that Petitioner's claims are procedurally defaulted, it need not address Petitioner's arguments on the merits of these claims.

### III. THIS COURT'S FINDINGS

Upon careful *de novo* review of the Magistrate Judge's R&R, Petitioner's Objections, and all other relevant documents in the record, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, for the reasons stated by the Magistrate Judge, the court adopts as its own the Magistrate Judge's R&R.

### IV. CONCLUSION

The court hereby dismisses Whittsette's Petition for a Writ of Habeas Corpus (ECF No. 1) and enters final judgment in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no

basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

October 22, 2008